# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 09-CR-60-LRR |
| vs. | **ORDER** |
| JIMMIE COUTENTOS, | |
| Defendant. | |

## I. INTRODUCTION

The matter before the court is Defendant Jimmie Coutentos's "Motion to Dismiss, or in the Alternative, to Strike" ("Motion") (docket no. 19).

## II. RELEVANT PRIOR PROCEEDINGS

On August 20, 2009, a grand jury returned a three-count Indictment (docket no. 2) against Defendant. Counts 1 and 2 charge Defendant with Production of Child Pornography, in violation of 18 U.S.C. § 2251(a) and (d).[1] Count 3 charges Defendant with Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). The Indictment also contains a forfeiture allegation. On September 21, 2009, Defendant filed the Motion. On October 1, 2009, the government filed a resistance (docket no. 38). The court finds the Motion fully submitted and ready for decision.

## III. ANALYSIS

In the Motion, Defendant argues that there is no federal jurisdiction, and, as a result, the court must dismiss the Indictment. In the alternative, Defendant asks the court

---

[1] The government originally referred to 18 U.S.C. § 2251(a) and (e) in the Indictment. On October 6, 2009, the court entered an order (docket no. 40) granting the government's "Unresisted Motion for Correction of Indictment Citation Error" (docket no. 39). In its Motion, the government made clear that the correct citation is 18 U.S.C. § 2251(a) and (d).

to strike portions of the Indictment. Finally, Defendant argues that the forfeiture allegation in the Indictment violates the prohibition against excess fines found in the Eighth Amendment to the United States Constitution. The court addresses these three arguments, in turn.

### A. Federal Jurisdiction

Defendant asserts that the Indictment lacks federal jurisdiction for two reasons. First, Defendant claims that, "in the absence of evidence of production of any illegal images or evidence of use of a camera to produce such images, the charges . . . must be dismissed for lack of federal jurisdiction." Defendant's Brief in Support of the Motion ("Def. Brief") (docket no. 19-2), at 2. Second, Defendant claims that, "[i]n the absence of any allegation . . . that the interstate movement of a camera was linked to the commission of the alleged offense . . . there is no federal jurisdiction." *Id.*

#### 1. *Evidence of production of images or use of camera*

Defendant asserts that the court must dismiss the Indictment "in the absence of evidence of use of a camera, or of the existence of any such images or evidence that anyone observed such images." Def. Brief at 2. Defendant presents this argument as a federal jurisdiction argument, but, in actuality, he seems to claim that the government lacks sufficient evidence to proceed with its case.

"An indictment returned by a legally constituted and unbiased grand jury, . . . if valid on its face, is enough to call for trial of the charge on the merits." *Costello v. United States*, 350 U.S. 369, 409 (1956). In other words, "a court may not look behind the indictment to determine if the evidence upon which it was based is sufficient." *Bank of Nova Scotia v. United States*, 487, U.S. 250, 261 (1988) (citing *Costello*, 350 U.S. at 363). A valid indictment is one that "set[s] forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offen[s]e intended to be punished." *Hamling v. United States*, 418 U.S. 87, 117 (1974) (quoting

*United States v. Carll*, 105 U.S. 611, 612 (1882)). The court finds the Indictment valid. Therefore, the court declines to look beyond the Indictment to address Defendant's argument. Accordingly, the court denies Defendant's Motion to the extent it seeks relief on this basis.

### 2. *Interstate movement of the camera*

Defendant asserts that there must be a connection between the interstate nature of the material, in this case, a camera, and the commission of the offense. He argues that the government must show the "camera was shipped in interstate commerce for the purpose of producing a prohibited visual depiction." *Id.* He maintains that only this specific connection can provide a link to interstate commerce that the Constitution requires.

Defendant cites irrelevant authority on this point. The Eighth Circuit Court of Appeals has repeatedly held that the statutes criminalizing the production and possession of child pornography are constitutional. *See e.g.*, *United States v. Betcher*, 534 F.3d 820 (8th Cir. 2008); *United States v. Mugan*, 394 F.3d 1016 (8th Cir. 2005); *United States v. Hampton*, 260 F.3d 832 (8th Cir. 2001); *United States v. Hoggard*, 254 F.3d 744 (8th Cir. 2001). None of these cases require a showing that a defendant shipped an item in interstate commerce for the purpose of conducting the illegal activity.

Defendant makes an argument similar to the one raised by the defendant in *United States v. Betcher*. In *Betcher*, the defendant argued that "the mere transportation across state or international lines of cameras used in the manufacture of child pornography does not constitute an impact upon interstate commerce sufficient to form a jurisdictional basis upon which Congress could validly prohibit the charged conduct. . . ." *Betcher*, 534 F.3d at 824. The Eighth Circuit Court of Appeals rejected this argument and held that the interstate or foreign travel of a camera provides the necessary link to interstate commerce. *Id.* Defendant does not provide the court with a reason to depart from precedent on this issue. Accordingly, the court denies Defendant's Motion to the extent it seeks relief on this basis.

## B. Motion to Strike

In the alternative to dismissing the Indictment, Defendant asks the court to strike certain language from the Indictment. Defendant argues that the language at issue violates his right to due process of law. Specifically, Defendant asks that the phrase "or was to be produced" be stricken from the Indictment. Def. Brief at 6. Defendant also requests that the language in the Indictment of "using materials that had been shipped" be amended to "using materials that have been shipped." *Id.* at 7.

### 1. *"Or was to be produced"*

The phrase "or was to be produced" appears in Counts 1 and 2 of the Indictment as follows:

> In or about 2001, in the Northern District of Iowa, [D]efendant Jimmie Coutentos used, persuaded, induced, coerced, and enticed, and attempted to use, persuade, induce, coerce, and entice a person under the age of eighteen . . . to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, which depiction was produced, *or was to be produced*, using a camera that had been shipped and transported in interstate and foreign commerce.

Indictment at 1-2 (emphasis added).

The phrase appears in Count 3 of the Indictment as follows:

> In or about 2001 in the Northern District of Iowa, [D]efendant Jimmie Coutentos knowingly possessed and attempted to possess visual depictions of minors engaged in sexually explicit conduct, said visual depictions having been produced, *or was to be produced*, using materials that had been shipped and transported in interstate and foreign commerce, namely, a camera that was manufactured outside the state of Iowa.

*Id.* (emphasis added).

Defendant argues that the use of "or was to be produced" improperly expands 18 U.S.C. § 2251(a) by "suggest[ing] that the prosecution does not have to present evidence

4

of actual use of a camera for the purpose of producing, or attempting to produce, a visual depiction." Def. Brief at 6. Defendant further argues that this language "opens the door to the argument that a camera need only be present, but not used, so that merely soliciting a minor to pose in a sexually provocative manner violates the statute." *Id.* at 6-7.

The court rejects this argument. Section 2251 criminalizes an attempt to produce child pornography. *See* 18 U.S.C. § 2251(e) ("Any individual who violates, or *attempts* or conspires to violate, this section. . .") (emphasis added).[2] The phrase "or was to be produced" in the Indictment describes the offense of attempted production of child pornography. The crime of attempted production of child pornography has four elements:

> (1) that the defendant believed during the time period alleged in the indictment that the child named in the indictment was under the age of eighteen; (2) that the defendant attempted to use, persuade, induce, entice, or coerce that child to engage in sexually explicit conduct; . . . (3) that the defendant voluntarily and intentionally engaged in this behavior for the purpose of producing a visual depiction of such conduct; and (4) that the materials used to attempt to produce the visual depiction were mailed, shipped, or transported . . . in interstate or foreign commerce.

*United States v. Pierson*, 544 F.3d 933, 938 (8th Cir. 2008). The phrase "or was to be produced" captures the offense of attempted production of child pornography as characterized by those elements.

Additionally, 18 U.S.C. § 2251(a) criminalizes the employment, use, persuasion, inducement, enticement or coercion of a minor "for the purpose of producing any visual depiction of such conduct." 18 U.S.C. § 2251(a). Stated another way, the plain language of this statute indicates that one can be convicted if he or she engages in behavior designed

---

[2] The government refers to this section as 2251(d) and charges it in the Indictment as such. The 2001 version of 18 U.S.C. § 2251 criminalized attempt in Section (d). The current version criminalizes attempt in Section (e). The crime alleged in the Indictment occurred when the 2001 version was in effect.

5

to produce child pornography. The actual production of pornographic images or videos is not required. The phrase "or was to be produced" does not improperly expand 18 U.S.C. § 2251. Accordingly, the court denies the Motion to the extent it asks the court to strike this language.

### 2. *"Using materials that had been shipped"*

Defendant asks the court to strike the phrase "using materials that *had* been shipped" from the Indictment. Def. Brief at 7. Defendant argues that the use of the word "had" "improperly untethers the shipment of the materials from the required purpose of producing prohibited images." *Id*. As the foregoing explains, it is not necessary that the interstate shipment of materials, in this case, a camera, be connected to the purpose of producing unlawful images. The government needs to prove only that the materials used to produce or attempt to produce the images were transported in interstate commerce. *Hoggard*, 254 F.3d at 746. Accordingly, the court denies the Motion to the extent it asks the court to strike this language.

### C. Forfeiture Allegation

Defendant alleges that the forfeiture allegation "violates the [Eighth] Amendment's prohibition against excessive fines." Def. Brief at 9. Federal Rule of Criminal Procedure 32.2 provides that, "[a]s soon as practicable after a verdict or finding of guilty . . . on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute." Fed. R. Crim. P 32.2. In this case, the court has not yet ruled on what property is subject to forfeiture and has not issued a final order regarding forfeiture. Therefore, this issue is not ripe for review. *See United States v. Talebnejad*, 460 F.3d 563, 573 (4th Cir. 2006); *United States v. Covey*, 232 F.3d 641, 646 (8th Cir. 2000). Accordingly, the Court shall deny the Motion to the extent it asks for relief with regard to the forfeiture allegation.

### D. Conclusion

For the foregoing reasons, the Motion (docket no. 19) is **DENIED**.

6

**IT IS SO ORDERED**.

**DATED** this 10th day of November, 2009.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA