# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CEDAR RAPIDS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| Plaintiff, | ‖ | No. 09-CR-60-LRR |
| vs. | ‖ | **ORDER** |
| JIMMIE COUTENTOS, | ‖ | |
| Defendant. | ‖ | |

## I. INTRODUCTION

The matter before the court is Defendant Jimmie Coutentos's Objections ("Objections") (docket no. 42) to United States Magistrate Judge Jon S. Scoles's Report and Recommendation ("Report and Recommendation") (docket no. 32). Judge Scoles recommends that the undersigned deny Defendant's Motion to Suppress ("Motion") (docket no. 20).

## II. STANDARD OF REVIEW

When a party properly objects to a magistrate judge's report and recommendation, the court must conduct a de novo determination of the portions of the report, findings or recommendations to which objection is made. 28 U.S.C. § 636(b)(1); *see also United States v. Uscanga-Ramirez*, 475 F.3d 1024, 1027 (8th Cir. 2007) (stating that de novo review is required); *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (citing 28 U.S.C. § 636(b)(1)); Fed. R. Crim. P. 59(b)(3) (stating that "[t]he district judge must consider de novo any objection to the magistrate judge's recommendation"). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). The court "may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3).

### III. ANALYSIS

In conducting the instant analysis, the court considered the entire record, which includes, but is not limited to, the Motion, the government's resistance (docket no. 28), the application for the search warrant (docket no. 28-2), the search warrant (docket no. 28-3), the evidence introduced at the hearing on the Motion, the Report and Recommendation and the Objections. Defendant objects to Judge Scoles's findings that (1) the search warrant was based on probable cause and that (2) the *Leon* good-faith exception applies even if the warrant was not based on probable cause. Having conducted the required de novo review of the objected to portions of the Report and Recommendation, the court deems it appropriate to overrule Defendant's objections.

#### 1. *First Objection: probable cause finding*

The Fourth Amendment requires that search warrants be based on probable cause. U.S. Const. amend IV. Probable cause is determined by evaluating the "totality of the circumstances." *United States v. Caswell* 436 F.3d 894, 897 (8th Cir. 2006) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). When determining whether probable cause exists to issue a search warrant, "the magistrate should 'make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *Id.* A reviewing court should "give[] great deference to the magistrate's probable cause determination." *Caswell*, 436 F.3d at 897 (quoting *United States v. Arenal*, 768 F.2d 263, 266 (8th Cir. 1985)). In his Report and Recommendation, Judge Scoles lists the facts upon which the search warrant was based. *See* Report and Recommendation at 7-8. The court agrees with Judge Scoles that these facts support a finding of probable cause.

#### 2. *Second Objection: good-faith exception*

Defendant objects to Judge Scoles's finding that, even if the warrant was not supported by probable cause, the *Leon* good-faith exception applies. *See United States v.*

*Leon*, 468 U.S. 897, 922 (1984) (creating a "good-faith exception" to the exclusionary rule when a law enforcement officer obtains evidence in "reasonable reliance on a subsequently invalidated search warrant"). Because the court finds that the search warrant was based on probable cause, the court need not address Defendant's objection on this issue. Nevertheless, the court finds that even if the search warrant was not based on probable cause, the *Leon* good-faith exception applies. Nothing in the record suggests that the officers in this case lacked good faith when executing the search warrant. Furthermore, none of the exceptions to the good-faith exception apply. Defendant argues that the warrant was "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Leon*, 468 U.S. at 899. The court disagrees. Accordingly, the objection is overruled.

## *IV. CONCLUSION*

The Report and Recommendation contains a very thorough and cogent analysis of the facts and applicable law. The court concludes that Judge Scoles's recommended disposition of the Motion should be upheld or affirmed, as it is fully supported by the factual record and controlling legal authorities.

**IT IS THEREFORE ORDERED**:

1) The Objections (docket no. 42) are **OVERRULED**;

2) The Report and Recommendation (docket no. 32) is **ADOPTED**; and

3) The Motion to Suppress (docket no. 20) is **DENIED**.

**DATED** this 10th day of November, 2009.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA