# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 09-CR-60-LRR |
| vs. | **ORDER** |
| JIMMIE COUTENTOS, | |
| Defendant. | |

## I. INTRODUCTION

The matter before the court is Defendant Jimmie Coutentos's "Motion to Strike Count 2 of the Indictment and Merge it with Count 1"("Motion") (docket no. 47).

## II. RELEVANT PRIOR PROCEEDINGS

On August 20, 2009, a grand jury returned a three-count Indictment (docket no. 2) against Defendant. Counts 1 and 2 charge Defendant with Production of Child Pornography, in violation of 18 U.S.C. § 2251(a) and (d).[1] Count 3 charges Defendant with Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). The Indictment also contains a forfeiture allegation. On November 11, 2009, Defendant filed the Motion. On November 23, 2009, the government filed a resistance (docket no. 50). The court finds the Motion fully submitted and ready for decision.

## III. ANALYSIS

In his Motion, Defendant asks the court to "strike Count 2 of the Indictment and merge it with Count 1." Motion at 1. Defendant argues that "Counts 1 and 2 charge the

---

[1] The government originally referred to 18 U.S.C. § 2251(a) and (e) in the Indictment. On October 6, 2009, the court entered an order (docket no. 40) granting the government's "Unresisted Motion for Correction of Indictment Citation Error" (docket no. 39). The amended citation is 18 U.S.C. § 2251(a) and (d).

same offense, a violation of 18 [U.S.C.] § 2251(a) . . . these counts are multiplicitous." Defendant's Brief in Support of Motion ("Def. Brief") (docket no. 47-2), at 1.

An indictment is multiplicitous when it charges a single offense as separate counts. *United States v. Worthon*, 315 F.3d 980, 983 (8th Cir. 2003). A multiplicitous indictment can lead to a violation of the double jeopardy clause of the Fifth Amendment by "subjecting the defendant to two punishments for the same crime. . . ." *United States v. Chipps*, 410 F.3d 438, 447 (8th Cir. 2005). "When the same statutory violation is charged twice, the question is whether Congress intended the facts underlying each count to make up a separate unit of prosecution." *Id.* (citing *Bell v. United States*, 349 U.S. 81, 83-84 (1955); *United States v. Weathers*, 186 F.3d 948, 952 (D.C. Cir. 1999)). When Congress has failed to make the applicable "unit of prosecution" readily ascertainable "clearly and without ambiguity," the court "resovles[s] doubt as to congressional intent in favor of lenity for the defendant." *Id.* at 448 (citing *Bell*, 349 U.S. at 83-84). Therefore, the issue in this case is what comprises a "unit of prosecution" with respect to 18 U.S.C. § 2251(a).

The government argues that the harm caused to separate victims comprises the unit of prosecution. *See* Government's Resistance at 3 (stating that "[t]he unit of prosecution intended by this statute is focused upon the use of the minor."). The government relies on *United States v. Esch*, 832 F.2d 531 (10th Cir. 1987), in support of its position. In *Esch*, the defendants were charged with sixteen counts of production of child pornography, in violation of 18 U.S.C. § 2251(a). *Id.* at 533. Each count of the indictment was based upon one of sixteen separate photographs, each featuring two victims. *Id.* at 534. The defendants argued that the indictment was multiplicitous because the "photographs depicted the same two children and were produced in the same photographing session and therefore constitute only one crime." *Id.* at 541. The court held that the "unit of prosecution" is "the use [of] a minor to engage in sexually explicit conduct for the purpose of creating a visual depiction of such conduct." *Id.* at 542. Each photograph could be charged

separately, because "each photograph depended upon a separate and distinct use of the children." *Id*.

The government's reliance on *Esch* is misplaced. The court interprets the unit of prosecution used in *Esch* as each depiction created by the use of a child or children. Subsequent cases interpret the holding of *Esch* to be that each separate photograph is considered a unit of prosecution. *See United States v. Sturm*, 560 F.Supp.2d 1029, 1034 (D. Colo. 2008) (describing the holding of *Esch* as "[t]he unit of prosecution [in *Esch*] was each separate photograph, as a distinct and separate abuse of the children depicted therein."). In the instant case, the government alleges one "separate and distinct use of the children," *Esch*, 832 F.2d at 542, that is, a single production of a single video.

Aside from *Esch*, which is not controlling, neither party cites authority indicating that each minor can serve as a unit of prosecution for § 2251(a).[2] The court finds that § 2251(a) is ambiguous and that the congressional intent is unclear on this issue. Therefore, the court resolves the ambiguity in favor of Defendant in accordance with the rule of lenity. *Chipps*, 410 F.3d at 447. Accordingly, the court finds Count 2 of the Indictment to be multiplicitous.

## *IV. CONCLUSION*

For the foregoing reasons, the Motion (docket no. 47) is **GRANTED**. Count 2 of the Indictment (docket no. 2) is hereby **MERGED** with Count 1.

**IT IS SO ORDERED**.

**DATED** this 2nd day of December, 2009.

---

[2] The court notes that, although § 2251(a) does not account for the number of victims involved in the production of child pornography, the advisory Sentencing Guidelines take this factor into consideration. *See* USSG § 2G2.1(d)(1) (stating that "[i]f the offense involved the exploitation of more than one minor, Chapter Three, Part D (Multiple Counts) shall be applied as if the exploitation of each minor had been contained in a separate count of conviction.").

3

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA